# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF THE STATE OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 FEB 14  PM 4: 55

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| **ANDREW GRESSETT**<br>and **BAM VILORIA GRESSETT** | CIVIL ACTION  05-398 |
| **VERSUS** | 05-0398 |
| **CITY OF NEW ORLEANS**<br>and **NEW ORLEANS POLICE DEPARTMENT**<br>**OFFICER A.SMITH Badge Number 01460** | SECT. A MAG. 5 |

FILED: _____     _____
                                                                                           DEPUTY CLERK

## COMPLAINT AND PETITION FOR CIVIL DAMAGES

The Complaint and Petition for Civil Damages of ANDREW GRESSETT and his wife, BAM VILORIA GRESSETT, for their claims related to their losses and injuries in the particulars alleged herein.

ANDREW GRESSETT and his wife, BAM GRESSETT are both majors and residents of the Parish of Jefferson and the State of Louisiana, both respectively file here the following the complaint against the parties made defendants herein, with said complaint which does with respect represent the following:

Fee $250.00
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No ____1____

## STATEMENT OF JURISDICTION

Petitioners ANDREW GRESSETT and his wife, BAM VILORIA GRESSETT assert here that he actions of the named defendants herein, particularly those actions of the defendants NEW ORLEANS POLICE DEPARTMENT OFFICER A.SMITH, Badge Number 01460 (hereinafter sometimes referred to as "SMITH"), violated the federal civil rights statutes and jurisprudence protecting individuals from injury, losses and damages as suffered by petitioner ANDREW GRESSETT as alleged herein, including discrimination on the basis of race and/or appearance.  Your petitioners further reasonably believe that the quantum value of each of their respective claims exceed theسum of $75,000.00 required for federal court jurisdiction.

I.

The following parties are hereby named as defendants in this cause of action and are alleged to have damaged your petitioners in the following particulars as alleged below:

A. CITY OF NEW ORLEANS, a municipal/governmental corporation created and functioning under its Home Rule Charter pursuant to the Constitution of the State of Louisiana, and at all times pertinent hereto the governmental entity solely and directly responsible for the conduct and operation of the NEW ORLEANS POLICE DEPARTMENT (hereinafter sometimes referred to as the "NOPD") with both entities directly responsible for the hiring, screening, deployment, supervision of and conduct of their employee, NOPD Officer A.SMITH, whose negligence

and/or intentional torts caused injury to your petitioners in the particulars alleged below during the course and scope of his employment with the defendant CITY OF NEW ORLEANS, and who are responsible and liable for the actions and omissions of all NOPD Officers such as defendant NOPD Officer A. SMITH under the theory of *respondeat superior.*

B.  NEW ORLEANS POLICE DEPARTMENT OFFICER A.SMITH, Badge Number 01460, (hereinafter sometimes referred to as "NOPD Officer SMITH" or "SMITH"), a person reasonable believed to be of the full age of majority and domiciled within the Parish of Orleans, State of Louisiana, and whose negligence and/or intentional torts that caused injury to your petitioners in the particulars as alleged below.

II.

On or about February 19, 2004, your petitioner ANDREW GRESSETT was an attendee at a public parade held on Saint Charles Avenue in Orleans Parish, at or near the thoroughfare's intersection with Antonine Street. After prudently waiting and allowing a marching group that was part of that parade to pass, your petitioner then crossed Saint Charles Avenue during a large gap in the parade, with no disruption or interferance with the parade or any of its marching units. After fully crossing the avenue and parade route, your petitioner was tackled or "blindsided" from his left side by NOPD Officer SMITH, who offered profanities and racial comments to your petitioner, and further accusing him of wrongfully crossing the parde route and illegal activity.  Your petitioner ANRDEW GRESSETT then informed the arresting officer,

NOPD Officer SMITH that he had (allegedly) wrongfully crossed a parade route, and was obstructing the parade.

Petitioner ANDREW GRESSETT was startled by the confrontation, as he was innocent of any wrongdoing or even presenting the suspicion of wrongdoing, and explained that he did not believe that he had done anything wrong or inappropriate. The defendant NOPD Officer SMITH then tightened his grip on the petitioner, further injuring and handling him, and made further comments to your petitioner as to his race and origin, as well as screaming the same to him.  Petitioner ANDREW GRESSETT was made to suffer serious physical injury due to the physical attack, injuring his neck, right shoulder, left shoulder, and has suffered since the injuries headaches and radicular pain and sensations into his hands and fingers in both arms, and further, has suffered serious emotional and psychological injury as the result of the embarassment and trauma of the physical injuries as well as the wrongful accusations of criminal wrongdoing, and the embarrsassment of being walked across the crowded avenue twice, once while handcuffed, as well as the wrongful arrest and detention, wrongful interrogation, accusations of obstruction, and physical and emotional assault in general, prompting him to seek medical treatment for both his physical and emotional injuries sustained herein.

During the assault and the detention of your petitioner, he was given the distinct indication via the direct comments and body language of the NOPD Officer SMITH that his race, origin, age and appearance played a part in the NOPD Officer SMITH accusing, assaulting, attacking, harrassing and wrongfully arresting him here.

While handcuffed after his apprehension here, your petitioner ANDREW

4

GRESSETT respectfully requested and even pleaded with the aressting NOPD Officer SMITH and the other NOPD Officers present to allow him to be issued a summons, common for similar alleged violations of similar municipal ordinances, for the good reason that he had a pregnant wife at home waiting for him and that his arrest would lead unnecessary stress and concern on the part of his wife, petitioner BAM VILORIA GRESSETT, and further lead to possible injury to the unborn child given that her pregnancy was a high risk pregnancy and that she was under strict orders from her OBGYN doctor that the mother-to-be avoid stress and disruption of bed rest.  The NOPD officers present told ANDREW GRESSETT that they would allow arresting NOPD officer SMITH to decide whether or not a summons would be issued to your petitioner, and further, one unidentified NOPD Officer laughed at your petitioner, commenting to the effect that he should know better than to cross a parade route. Despite your petitioner ANDREW GRESSETT's plea for a summons instead of an arrest, the arresting NOPD Officer SMITH demanded and prompted your petitioner ANDREW GRESSET to be arrested, transported to the city lock-up, whereupon he was then forced because of his extended absence and incarceration to contact his wife, at home with the high risk pregnancy, who was then made to disrupt her ordered bed rest, made to fear for the injuries, safety and release from incarceration of her husband, and then forced to wait for his bail and release from the city lock-up. All of these events and concerns led to the injury to both of your petitioners of the concern for each other as well as the concern for injury and disruption to the pregnancy of their unborn child, given the circumstances cited above.

    Your petitioner ANDREW GRESSETT was eventually released from the city

lock-up, and was made to hire legal counsel and to appear at the municipal court on at least three separate occasions to defend against charges of obstructing a parade route. Those charges against your petitioner were dismissed when the defendants CITY OF NEW ORLEANS and NOPD Officer SMITH refused to appear to prosecute the charges and further avoided cross examination that would have occurred had the procesution gone forward.

Further, petitioner BAM VILORIA GRESSETT, was at all times pertinent hereto the lawful wife of petitioner ANDREW GRESSETT, and she has suffered the ongoing concern for, disruption of normal family activities and support of, and ongoing loss of consortium with injured husband ANDREW GRESSETT, all related to the negligence and/or intentional torts of the named defendants herein in causing the injuries to and related abusive treatment of her husband ANDREW GRESSETT.

Additionally, at the time of the February 19, 2004 wrongful arrest and assault upon her husband ANDREW GRESSETT, petitioner BAM VILORIA GRESSETT was in the state of a high risk pregnancy, under strict orders of bed rest, and was forced to leave her bed rest and deal with the stress and concern of an injured and wrongfully arrested husband, as well as to make arrangements to have the bail and/or release of her wrongfully arrested husband, and both petitioners for some time afterward were forced to deal with the concern of how the stress and loss of necessary bed rest would affect their high risk pregnancy.

IV.

The said injuries and damages sustained by petitioners ANDREW GRESSETT

and his wife, BAM VILORIA GRESSETT, were caused solely, directly, and proximately through the fault of the above mentioned defendants, their agents, associates, and/or employees, by their negligent, careless, and/or intentional actions and/or omissions as set forth in the following, but not necessarily exclusive particulars:

A. Defendant CITY OF NEW ORLEANS for allowing named the named defendant NOPD Officer SMITH to negligently and/or intentionally conduct the illegal search, accusation of obstruction, wrongful arrest of, wrongful detention of, physical and emotional attack upon and injury to your petitioner ANDREW GRESSETT;

B. Defendant CITY OF NEW ORLEANS for allowing the NOPD to improperly supervise, train, or advise the NOPD Officer SMITH whose actions within the course and scope of his employment with the NOPD, then negligently and/or intentionally allowing the wrongful arrest of, wrongful detention of, physical and emotional attack upon, and injury to your petitioner ANDREW GRESSETT, as well as their failure to prevent and further allowing the use of excessive force by their employee NOPD Officer SMITH in doing the same, with their failure to properly train or supervise all of the employees named defendants causing or contibuting to the petituioners' losses alleged herein;

C. The named defendant NOPD Officer SMITH in his personal capacity for his negligently and/or intentionally wrongful arrest of, wrongful detention of, physical and emotional attack upon and injury to your petitioner ANDREW GRESSETT, as well as his use of excessive force in doing the same, which is reasonably believed here to be a violation of that petitioner's civil rights protections offered as a matter

of law;

D. All named defendants allowing and/or intentionally allowing the negligent and/or intentional wrongful arrest of, wrongful detention of, physical and emotional attack upon and injury to your petitioner ANDREW GRESSETT, as well as the use of excessive force in doing the same;

E. All named defendants allowing and/or intentionally allowing the actual arrest and transport of the petitioner ANDREW GRESSETT to the city jail for his arrest and violation of the alleged charges, where he had explained to the NOPD arresting officer and other NOPD officers present thast he had a pregnant wife at home and that his arrest would lead unnecessary stress and concern on the party of his wife, petitioner BAM VILORIA GRESSETT, and further lead to possible injury to the unborn child given the high risk pregnancy and oders that the mother-to-be avoid stress and disruption of bed rest.;

F. All named defendants allowing and/or intentionally allowing the filing of false and baseless municipal/criminal charges against petitioner ANDREW GRESSETT, who then underwent an unnecessary costs and losses to him of attorney's fees and three separate court appearances to defend against and later expunge the false and baseless municipal/criminal charges and record of arrest made against him here;

G. Violations by all defendants herein of petitioner ANDREW GRESSETT' civil rights, as during the assault, arrest, and the detention of your petitioner, he was given the distinct indication via comments and body language of NOPD Officer SMITH that his race, origin, age and appearance played a part in the defendant NOPD Officer

8

SMITH accusing, assaulting, attacking, harrassing and detaining him here.

H. Defendant CITY OF NEW ORLEANS for their failure to promulgate policies, supervision, and training of their NOPD personnel, such as the defendant NOPD Officer SMITH to prevent or otherwise minimize the risk of injury to persons such as your petitioner ANDREW GRESSETT who was forced to endure the wrongful arrest of, interrogation of, wrongful detention of, physical and emotional attack upon and injury that petitioner here;

I. Any other act or omission found to have been performed by of any party named or unnamed, known or unknown to the petitioners herein

All of the above acts of negligence and/or omissions were in violation of the laws of the Federal, State of Louisiana and applicable Orleans Parish ordinances, which are hereby pleaded and which are adopted by this reference as if set forth at point *in extensio*.

V.

Petitioner ANDREW GRESSETT and his wife, BAM VILORIA GRESSETT, aver that as a direct and proximate cause of the aforementioned actions and acts, they were made to sustain damages in the following non-exclusive list particulars:

A.   Past, present, and future physical pain and suffering;

B.   Past, present, and future emotional and mental anguish;

C.   Past, present, and future medical expenses;

D.   Past, present and future loss of enjoyment of life;

9

E.  Past, present, and future damages and losses suffered by ANDREW GRESSETT and his wife BAM VILORIA GRESSETT, personally and in their own right, for the concern of the loss of the pregnancy of their child solely or in part due to stress and disruption involved with the the wrongful arrest and/or injuries caused by the excessive force in the arrest of her husband, ANDREW GRESSETT, being injured and hurt on or after February 17, 2004 as a result of the aforementioned acts and omissions set forth above;

F.  Past, present, and future damages and losses suffered by BAM VILORIA GRESSETT, personally and in her own right, makes a claim here for lost consortium, companionship, support, and inconvenience, and all other losses suffered, as a direct and/or proximate result of her husband, ANDREW GRESSETT, being injured and hurt as a result of the aforementioned acts and omissions set forth above;

G.  Past, present, and future damages and losses suffered by ANDREW GRESSETT and his wife BAM VILORIA GRESSETT, personally and in their own right, for lost consortium, companionship, support, and inconvenience, and all other losses suffered, as a direct and/or proximate result of the concern of the loss of the pregnancy of their child solely or in part due to the wrongful arrest and/or injuries caused by excessive force in the arrest of her husband, ANDREW GRESSETT, being injured and hurt on or after February 17, 2004 as a result of the aforementioned acts and omissions set forth above;

H.  Any and all attorney's fees, reimbursement for lost time and/or lost business opportunity, and any other losses related to the court appearances and defense

against the false and baseless municipal/criminal charges filed by the defendants against petitioner ANDREW GRESSETT, who then underwent an unnecessary costs and losses to him of bail, attorney's fees for criminal/municipal legal representation, and his three separate court appearances to defend against the false and baseless municipal/criminal charges made against him here;

I. Any and all losses for damage to reputation and/or community standing for the embarassment of the public arrest on the date of arrest, as well as the burden of having this arrest on recorded within the public records, and time lost and costs for the expungement of same;

J. Any costs, attorney's fees, penalties or damages allowed or appropriate under that laws of the United States of America relative to the violations of the petitioners' civil rights as set forth above;

K. Any other loss which may be determined at any trial of this claim/complaint;

WHEREFORE, petitioners ANDREW GRESSETT and his wife BAM VILORIA GRESSETT respectfully request that the defendants named herein be cited and served with this Complaint and Petition for Civil Damages, and that after all due proceedings that there be a judgment against the appropriate above mentioned defendants, CITY OF NEW ORLEANS and NEW ORLEANS POLICE DEPARTMENT OFFICER A.SMITH, Badge Number 01460, holding them liable to your petitioners for all of the losses, general damages, special damages, costs, penalties, attorney's fees, and remedies available to your petitioners herein, as

well as all general and equitable relief, with judicial interest from the date of judicial demand until paid, as well as any and all costs involved with this proceeding.

Respectfully Submitted,

_____
DOMINIC N. VARRECCHIO
ATTORNEY AT LAW
300 LAFAYETTE STREET, SUITE 101
NEW ORLEANS, LA &0130
TEL: (504) 524-8600
LABAR NO. 19456

## **VERIFICATION**

I, petitioner ANDREW GRESSETT, swear and attest that all of the allegations and claims made by me and my legal counsel in the above Complaint and Petition for Civil Damages relative to my arrest, injuries, and losses of February 19, 2004 and all dates thereafter are true and correct to the best of my recollection and understanding.

This \_\_\_13th\_\_\_ day of February, 2005

_____
ANDREW GRESSETT


SWORN TO AND ATTESTED TO BEFORE ME BEFORE ME, NOTARY PUBLIC,

This \_\_\_13th\_\_\_ date of Februrary, 2005.

_____
DOMINIC N. VARRECCHIO
NOTARY PUBLIC
La, Bar. No. 19456

13